Filed 04/09/26

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02711

---

Chittenden Resorts, LLC dba Mountain Top Inn & Resorts et al v. John Gerlach et al

---

## Decision on Plaintiffs' Supplemental Request
## for Attorneys' Fees

Plaintiffs Chittenden Resorts, LLC, d/b/a Mountain Top Inn and Resorts and Mountain Top Cross Country Ski Resort, and RMT Associates, LLC seek an award of supplemental attorneys' fees incurred defending an appeal from the court's May 22, 2025, contempt finding against Defendant John Gerlach and order awarding Plaintiffs attorneys' fees. Defendants John and Debra Gerlach oppose the request for supplemental attorneys' fees. For the following reasons, the supplemental attorneys' fees request is granted.

After the trial court issued a decision holding Defendant John Gerlach in contempt and awarding Plaintiffs attorneys' fees, Defendant John Gerlach appealed "the trial court's determination that he violated the terms of a preliminary injunction and its award of attorney's fees to plaintiffs." *Chittenden Resorts, LLC v. Gerlach*, No. 25-AP-233, 2026 WL 395610, at *1 (Vt. Feb. 6, 2026) (unpub. mem.). The procedural history is set forth in the Vermont Supreme Court's decision and need not be repeated here. The Supreme Court affirmed the trial court's contempt finding and award of attorneys' fees. Plaintiffs now seek attorneys' fees incurred defending the appeal. Defendants oppose the request and argue that: (1) the Vermont Supreme Court did not grant Plaintiffs' request for attorneys' fees when made in the Supreme Court; (2) Plaintiffs have no statutory or contractual right to attorneys' fees so the American Rule should apply; (3) a supplemental award of attorneys' fees would constitute a disproportionate sanction; and (4) awarding attorneys' fees would punish Defendants for exercising their right to appeal. Notably, however, Defendants do not "challenge the billable rate or the amount of time plaintiff's counsel spent on the appeal." Defs.' Resp. to Mot. for Status Conference (Mar. 27, 2026), at 1. The Court addresses Defendants' arguments in turn.

Defendants argue that the Vermont Supreme Court's failure to grant Plaintiffs' request for attorneys' fees made in the Supreme Court is a basis to deny the request. Appellate Rule 39 specifically requires that a request for appellate-related attorneys' fees be brought in the superior court. V.R.A.P. 39(f) ("A party seeking attorney's fees and other nontaxable expenses incurred on appeal must file a motion in the superior court under V.R.C.P. 54(d)(2)"). Additionally, as Defendants acknowledge, the Vermont Supreme Court did not deny Plaintiffs' request for

attorneys' fees on the merits, but merely "declined to provide guidance" and "did not address whether Plaintiffs should be awarded attorneys' fees associated with litigation of the appeal." Defs.' Opp'n to Pls.' Request for Suppl. Attorneys' Fees (Mar. 5, 2026), at 3. Accordingly, Plaintiffs' request for attorneys' fees is properly brought in the superior court, and the Supreme Court not addressing the issue of appellate-related fees while still on appeal is not dispositive.

Defendant correctly points out that Plaintiffs have no statutory or contractual right to attorneys' fees. "Vermont follows the American Rule regarding attorney's fees, which provides that attorney's fees are ordinarily unrecoverable in the absence of statutory authority or the parties' contractual provision concerning this expense." *WWSAF Special Partners Grp., LLC v. Costello, Valente & Gentry, P.C.*, 2025 VT 40, ¶ 13, 346 A.3d 927 (cleaned up). However, "[a]ttorneys' fees are ordinarily awarded in contempt actions as part of the compensation due complainants for defendants' actions, which have put the complainants in the position of having to seek the assistance of the courts to enforce a judgment." *Vt. Women's Health Ctr. v. Operation Rescue*, 159 Vt. 141, 150, 617 A.2d 411, 416 (1992). In *Vermont Women's Health Center,* the Court went on to explain that

> Vermont follows the "American Rule" with respect to attorneys' fees, *In re Gadhue,* 149 Vt. 322, 327, 544 A.2d 1151, 1154 (1987), and generally does not award fees absent statutory authority or a contractual obligation. *Gadhue* involved a case where a landowner who prevailed in a zoning appeal against a neighbor was forced to seek an injunction because the neighbor built a structure in violation of the zoning decision. We held that the case fell within an exception to the "American Rule" applicable where an individual is forced to enter a second round of litigation to secure a clearly defined right that should have been granted without judicial intervention. See *id.* at 329, 544 A.2d at 1155. We found the circumstances to present an "exceptional case" in which fees may be awarded "'for dominating reasons of justice.'" *Id.* at 330, 544 A.2d at 1156 (quoting *Sprague v. Ticonic National Bank,* 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939)).
>
> The appropriateness of fees in a contempt case follows directly from *Gadhue.*

159 Vt. at 150–51.

Here, the trial court granted Plaintiffs an injunction, and still Plaintiffs were later forced to return to court to enforce that injunction.

> The injunction plainly prohibited the Gerlachs "from taking any steps to interfere with [Mountain Top's] efforts to post signage and other appropriate steps designed to reasonably protect the safety of trail users." The court found that Mountain Top used a rope at trailheads to signal that a trail is closed, a common practice and one that Mountain Top had used for twenty years. Mountain Top presented evidence that it closes trails to protect the safety of trail users and it described the risks that arise when individuals unilaterally remove its ropes. The

court found that Mr. Gerlach knew the purpose of the rope across the trailhead and removed it.

*Chittenden Resorts, LLC*, 2026 WL 395610, at *5. Awarding attorneys' fees is appropriate because Plaintiffs were compelled to engage in extra legal proceedings to enforce and defend an Order that had already been issued and should have been followed without further court intervention.

Defendants raise two final arguments: that a supplemental award of attorneys' fees is disproportionate to the conduct involved and that an additional award of attorneys' fees punishes Defendant for exercising the right to appeal. Defendants' argument regarding proportionality of the fees is misplaced because the attorneys' fees are not awarded for the purpose of imposing a punishment or coercing compliance. Rather, "[a]ttorneys' fees are ordinarily awarded in contempt actions as part of the compensation due complainants for defendants' actions, which have put the complainants in the position of having to seek the assistance of the courts to enforce a judgment." *Vt. Women's Health Ctr.*, 159 Vt. at 150. Indeed, here it is undisputed that Plaintiffs' fees were "'in the amount required'" to litigate the appeal that was necessary to complete the contempt proceeding and are therefore recoverable. *Id.* (quoting *N.L.R.B. v. Laborers' Int'l Union of N. Am., AFL*-CIO, 882 F.2d 949, 956 (5th Cir. 1989)).

While Defendant had a legal right to appeal, the contempt finding and attorneys' fees order had not been perfected and could not have been enforced unless affirmed on appeal. In other words, Plaintiffs were essentially "forced" to defend this Court's order on appeal, in order to "secure a clearly defined right." *Id*. at 150–51. Thus, the appellate-related fees incurred by Plaintiffs are recoverable.

Plaintiffs' request for supplemental attorneys' fees incurred in connection with Defendant's appeal from the trial court's May 22, 2025, Order is granted in the amount of $18,373. Defendant John Gerlach shall pay the Plaintiffs the full amount within 30 days of entry of this order.

Electronically signed: April 9, 2026

David R. Fenster, Superior Court Judge